Filed 3/13/24  In re M.C. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D082381 |
| Plaintiff and Respondent, | (Super. Ct. No. J244715) |
| v. | |
| M.C., | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Ana L. Espana, Judge.  Affirmed.

Lisa Ann Kopelmann, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Minor M.C. appeals from the juvenile court's jurisdictional and dispositional orders sustaining felony false imprisonment and misdemeanor domestic battery allegations, declaring M.C. a ward of the court, and granting him probation with specific conditions.  His court-appointed counsel

filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed M.C. of his right to file a supplemental brief but he did not.  Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2022, the Office of the District Attorney filed a wardship petition pursuant to Welfare and Institutions Code section 602.  The petition alleged M.C. committed one felony count of false imprisonment (Pen. Code[1], § 236/237, subd. (a)) and one misdemeanor count of domestic battery against a person with whom he shared a "dating relationship" (§ 243, subd. (e)(1)).  At the January 11, 2023 detention hearing the court arraigned M.C. and he denied the charges.

During the May 16, 2023 jurisdictional hearing the juvenile court heard testimony from the alleged victim, the alleged victim's mother, and the investigating officer.  The People also submitted Snapchat messages exchanged between M.C. and the alleged victim.  Based on this evidence, the juvenile court found the allegations in the petition true as to both counts and continued the proceedings for a disposition hearing.

At the June 29, 2023 disposition hearing, the People requested M.C.'s commitment to Urban Camp.  However, the juvenile court determined the "least restrictive approach[]" was appropriate, ordering M.C. to reside in his mother's home under the probation department's supervision.  M.C.'s probation included a prohibition against owning or possessing a firearm until he became 30 years old.  (§ 29820, subd. (b).)

---

[1]     Undesignated statutory references are to the Penal Code.

## DISCUSSION

M.C.'s appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738. Counsel included a statement of the case and facts but argued no grounds for reversal of the judgment. M.C.'s appellate counsel asked this court to independently review the record for error. Pursuant to *Anders*, counsel identifies this issue to assist the court: Was it unconstitutional to impose a firearms prohibition against the minor based on his misdemeanor battery adjudication?

We reviewed the entire record as required by *Wende* and *Anders*. We have found no arguable issues for reversal on appeal. Competent counsel represented M.C. both at trial and on appeal.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

DATO, Acting P. J.

CASTILLO, J.

3